PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
ZACHARY FAIGEN (SBN 294716)
zachary.faigen@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000

MICHAEL W. McTIGUE JR. (admitted *pro hac vice*)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (of counsel)
meredith.slawe@skadden.com
SHAUD G. TAVAKOLI (of counsel)
shaud.tavakoli@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants*
UNIQLO USA LLC and Fast Retailing USA, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMY TRINH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIQLO USA LLC and FAST RETAILING USA, INC.,<br><br>Defendants. | CASE NO.: 2:26-cv-04712-GW-RAO<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**<br><br>Date: October 5, 2026<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 3

A. Plaintiff Fails to Plead a Concrete Injury-In-Fact ........ 3

B. Plaintiff's Claims Are Impermissibly Based on Hindsight ........ 4

C. Plaintiff Fails to State a Claim Under the UCL ........ 8

1. Plaintiff's Consent to New York Law Bars Her UCL Claim ........ 8

2. Plaintiff Fails to Plead Her UCL Claim With Particularity ........ 8

3. Plaintiff Does Not Plead a Claim Under Any Prong of the UCL ........ 10

D. Plaintiff Fails to State a Quasi-Contract Claim ........ 14

1. The Voluntary Payment Doctrine Bars Plaintiff's Claims ........ 14

2. Plaintiff Fails to State a Claim for Unjust Enrichment ........ 15

3. Plaintiff Fails to State a Claim for Money Had and Received ........ 16

E. Plaintiff Names the Wrong Entities ........ 17

F. Plaintiff's Claims Are Not Ripe ........ 18

III. CONCLUSION ........ 19

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American General Life Insurance Co. v. Le*,
No. EDCV 22-0876 JGB (KKX),
2024 WL 1202238 (C.D. Cal. Mar. 6, 2024) ..................... 15

*American Oil Service v. Hope Oil Co.*,
194 Cal. App. 2d 581 (1961) ..................... 14, 15

*In re Apple Processor Litigation*,
No. 18-cv-00147-EJD, 2022 WL 2064975 (N.D. Cal. June 8, 2022),
*aff'd*, No. 22-16164, 2023 WL 5950622 (9th Cir. 2023) ..................... 16

*Armenta v. Bank of America*,
No. 11-9012-GW(SHx),
2012 WL 13012811 (C.D. Cal. Jan. 12, 2012) ..................... 7

*Astiana v. Hain Celestial Group, Inc.*,
783 F.3d 753 (9th Cir. 2015) ..................... 16

*Barnett v. County of L.A.*,
No. 2:20-cv-02530-ODW (ASx),
2020 WL 5350286 (C.D. Cal. Sep. 3, 2020) ..................... 19

*Bennett v. Wal-Mart Stores, Inc.*,
No. 06–CV–5304 (JG)(JO),
2011 WL 3878330 (E.D.N.Y. Sep. 2, 2011) ..................... 4, 5

*Beyer v. Symantec Corp.*,
No. 18-cv-02006-EMC,
2019 WL 935135 (N.D. Cal. Feb. 26, 2019) ..................... 4

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ..................... 4

*Borowsky v. Hamilton Beach Brands, Inc.*,
788 F. Supp. 3d 1092 (2025) ..................... 4

*Brown v. Biomat USA, Inc.*,
No. 20-cv-05437,
2021 WL 3187599 (N.D. Ill. July 28, 2021)........................................................ 6

*Cahen v. Toyota Motor Corp.*,
147 F. Supp. 3d 955 (N.D. Cal. 2015),
*aff'd*, 717 F. App'x 720 (9th Cir. 2017) ........................................................ 11

*Carbajal v. HSBC Bank USA, N.A.*,
No. CV16-9297 PSG (FFM),
2017 WL 7806586 (C.D. Cal. May 16, 2017) ..................................................8, 9

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015)............................................................... 9

*Chang v. Rockridge Manor Condominium*,
No. C-07-4005 EMC,
2008 WL 2683075 (N.D. Cal. July 3, 2008),
*aff'd*, 344 F. App'x 365 (9th Cir. 2009) .......................................................... 7

*Crafty Productions, Inc. v. Michaels Companies, Inc.*,
389 F. Supp. 3d 876 (S.D. Cal. 2019) ............................................................. 19

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*,
479 F.3d 1099 (9th Cir. 2007)......................................................................... 10

*Danielson v. Inslee*,
945 F.3d 1096 (9th Cir. 2019)........................................................................... 6

*Doe v. CVS Pharmacy, Inc.*,
982 F.3d 1204 (9th Cir. 2020)......................................................................... 10

*Donnellan v. Travelers Co., Inc.*,
No. 1:20 C 06064,
2022 WL 170046 (N.D. Ill. Jan. 18, 2022).......................................................5, 7

*EBCF Enterprises, Inc. v. Erie Insurance Exchange*,
572 F. Supp. 3d 489 (N.D. Ill. 2021)................................................................. 5

*Foundry IV Inc. v. Hard Carry Gaming Inc.*,
No. CV 23-2690-KK-MARx,
2024 WL 211010 (C.D. Cal. Jan. 3, 2024) ...................................................... 10

*Gafita v. Nucs AI, Inc.*,
No. 25-cv-10757-CRB,
2026 WL 2244059 (N.D. Cal. Aug. 4, 2026) ........................................ 9

*Ghirardo v. Antonioli*,
14 Cal. 4th 39 (1996) ........................................ 6, 7

*Gill v. Marsh USA, Inc.*,
No. 24-cv-02366-RS,
2024 WL 3463351 (N.D. Cal. July 18, 2024) ........................................ 10

*Haas v. Travelex Insurance Services, Inc.*,
555 F. Supp. 3d 970 (C.D. Cal. 2021) ........................................ 16

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ........................................ 9, 11, 12

*Harbor Pipe & Steel, Inc. v. Mazak Optonics Corp.*,
No. 5:22-cv-01775-SSS-SPx,
2023 WL 12173431 (C.D. Cal. Mar. 29, 2023) ........................................ 8

*Harvey v. Bank of America, N.A.*,
906 F. Supp. 2d 982 (N.D. Cal. 2012) ........................................ 19

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) ........................................ 4, 11

*Hodsdon v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) ........................................ 12

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........................................ 9

*Kisting-Leung v. Cigna Corp.*,
780 F. Supp. 3d 985 (E.D. Cal. 2025) ........................................ 18

*Kopsaftis v. Progressive Universal Insurance Co.*,
No. 20 CV 6261,
2021 WL 780715 (N.D. Ill. Mar. 1, 2021) ........................................ 5

*Malko v. GNC Holdings*,
No. 2:26-cv-01833-MCS-AJR,
2026 WL 2218133 (C.D. Cal. July 29, 2026) ........................................ 4

*Mashallah, Inc. v. West Bend Mutual Insurance Co.*,
20 F.4th 311 (7th Cir. 2021).....5, 7

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012)..... 4

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)..... 4

*McGee v. S-L Snacks National*,
982 F.3d 700 (9th Cir. 2020).....3, 4

*McIntyre v. American Honda Motor Co.*,
739 F. Supp. 3d 776 (C.D. Cal. 2024)..... 9

*Morgan v. AT&T Wireless Services, Inc.*,
177 Cal. App. 4th 1235 (2009)..... 10

*Nationwide Biweekly Administration, Inc. v. Superior Court*,
9 Cal. 5th 279 (2020).....10, 11

*North America's Building Trades Unions v. Department of Defense*,
783 F. Supp. 3d 290 (D.D.C. 2025)..... 6

*Papazian v. BMW of North America, LLC*,
No. CV 25-8397-GW-RAOx,
2026 WL 529647 (C.D. Cal. Feb. 20, 2026)..... 11

*Potter v. Chevron Products Co*.,
No. 17-cv-06689-PJH,
2018 WL 4053448 (N.D. Cal. Aug. 24, 2018).....14, 15

*Quezada v. Franklin Madison Group*,
No. 19cv2153-LAB (DEB),
2020 WL 5819824 (S.D. Cal. Sep. 29, 2020).....12, 13

*Russell v. Walmart, Inc.*,
680 F. Supp. 3d 1130 (N.D. Cal. 2023)..... 5

*Sacramento E.D.M., Inc. v. Hynes Aviation Industries*,
No. 2:13–cv–0288–KJN, 2017 WL 1383289 (E.D. Cal. Apr. 18, 2017)..... 16

*Sanchez v. IXYS Corp.*,
No. 17-cv-06441-WHO,
2018 WL 4787070 (N.D. Cal. Oct. 2, 2018) ........................................................ 13

*Shroyer v. New Cingular Wireless Services, Inc.*,
622 F.3d 1035 (9th Cir. 2010)........................................................................... 10

*Sotelo v. Rawlings Sporting Goods Co., Inc.*,
No. CV 18-9166-GW(MAAx),
2019 WL 4392528 (C.D. Cal. May 8, 2019) ...................................................... 16

*Starr Indemnity & Liability Co. v. Chart Industries, Inc.*,
No. 22-cv-03484-HSG,
2023 WL 2352247 (N.D. Cal. Mar. 3, 2023)....................................................... 18

*Sud v. Costco Wholesale Corp.*,
229 F. Supp. 3d 1075 (N.D. Cal. 2017),
*aff'd*, 731 F. App'x 719 (9th Cir. 2018) ............................................................. 13

*Tabrizi v. AstraZeneca Pharms. LP*,
No. 2:26-cv-03244-MCS-PD,
2026 WL 2508148 (C.D. Cal. Aug. 25, 2026)..................................................... 19

*West v. Rheem Manufacturing Co.*,
765 F. Supp. 3d 976 (C.D. Cal. 2025) ................................................................. 12

**STATUTES**

19 U.S.C. § 1505.......................................................................................................... 6

**REGULATIONS**

19 C.F.R. § 141.1......................................................................................................... 6

19 C.F.R. § 141.4......................................................................................................... 6

## I. INTRODUCTION[1]

As shown in the Motion, Plaintiff lacks standing and fails to state a claim as a matter of law. Plaintiff's claims are all derived from the flawed premise that (i) Plaintiff paid Defendants prices that included tariff expenses and (ii) Defendants may receive tariff refunds from the government that will constitute a "duplicative" recovery. (Compl. ¶ 53; *see also id.* ¶¶ 56, 58, 68, 73.) As explained in the Motion, these claims all suffer from the same fatal defect: they rest entirely on hindsight. Neither Plaintiff nor UNIQLO knew at the time of Plaintiff's purchases that the Supreme Court would rule the tariffs unlawful or that the federal government would issue tariff refunds. Yet Plaintiff now demands that the Court reprice her purchases based on those after-the-fact developments.

Plaintiff cites no case in which any court has endorsed such hindsight-based repricing claims, and Defendants cite a uniform body of case law rejecting them. (Mot. 12.) Moreover, Plaintiff tacitly concedes that accepting her theory would be unworkable. It would put courts in the impossible position of rewinding and repricing millions of everyday transactions long after the fact any time a seller's cost assumptions changed, whether in favor of the buyer or the seller.

Faced with contrary law and the illogic of her theory, Plaintiff tries to pivot. Now, she argues she was injured "at the time she purchased merchandise," regardless of "any future recovery by UNIQLO," because UNIQLO had by that time "raised prices in response to tariff-related costs." But the remainder of the Opposition refutes this attempted reframing. It confirms that Plaintiff's claims are predicated on allegations that UNIQLO "**recouped . . . payments**" resulting from a ruling by the Supreme Court that "later held unlawful" the tariffs. (Opp'n 1; *see also id.* 13 (asserting "**retention of duplicative**

[1] All emphases are added and internal citations, quotations, and alterations are omitted unless otherwise indicated. Capitalized terms are defined in Defendants' opening brief ("Mot.," ECF 14), unless defined herein. Plaintiff's opposition (ECF 26) is referred to herein as "Opposition" or "Opp'n."

**recoveries**"); *id.* 17 (asserting "**recover[y] [of] the same costs**"). That makes sense: if there is no anticipated or actual "double recovery," then Plaintiff's own misguided narrative based on alleged unfair retention of funds collapses. In any event, Plaintiff cannot amend her Complaint through her Opposition.

But even if Plaintiff were permitted to pivot, it would not save her claims. Under either formulation, Plaintiff does not allege or identify any wrongdoing by Defendants or a legally cognizable injury that she suffered. Plaintiff merely claims she "purchased merchandise" "imported from countries subject to IEEPA tariffs" at "inflated" prices. (Compl. ¶ 8.) But she does not allege the products she purchased, the country of origin, or the purported "inflation" incorporated in the prices she paid. And raising prices in response to increased costs is not actionable. Retailers are free to set prices, and consumers are free to decide whether to buy their products.

The Opposition confirms that Plaintiff's claims must be dismissed for several independent reasons:

***First***, Plaintiff does not plead any injury-in-fact. Plaintiff does not dispute that she received the products she paid for at the prices she agreed to pay. She also disclaims any allegation that those products were defective or that she relied on any misrepresentation.

***Second***, Plaintiff does not otherwise state a viable claim. Plaintiff's UCL claim based on alleged "unlawful" conduct fails because she does not allege in her Complaint or identify in her Opposition any law that either Defendant violated. Her UCL claim based on alleged "unfair" or "fraudulent" business practices fails because she does not allege she received any "false price information," which she admits is a predicate to plead a claim. (Opp'n 13.) Her common law claims likewise fail because she does not dispute that she voluntarily purchased UNIQLO merchandise at a price she was willing to pay and received the benefit of her bargain. Plaintiff alleges nothing unfair about those transactions and instead improperly challenges them with the benefit of hindsight.

***Third***, Plaintiff names the wrong defendants. Plaintiff admits that "UNIQLO's declaration establishes . . . that [non-defendant] UNIQLO Co., Ltd. was the importer of record for retail merchandise." (Opp'n 8.) UNIQLO Co., Ltd. is therefore the entity that would allegedly "receive" from the federal government the tariff refunds that Plaintiff is demanding. (Compl. ¶¶ 34, 56.)

***Lastly***, Plaintiff's claims are not ripe. As Plaintiff concedes, she does not allege either Defendant received any tariff refund from the government.

For these reasons and those below and in the Motion, the Court should dismiss the Complaint with prejudice.

## II. ARGUMENT

### A. Plaintiff Fails to Plead a Concrete Injury-In-Fact

Plaintiff does not refute that she fails to allege a concrete injury and therefore lacks standing. Under Ninth Circuit law, to plead economic injury based on overpayment the plaintiff typically must allege she paid more than she would have "due to a defendant's false representations about the product." *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706-07 (9th Cir. 2020). The Ninth Circuit suggested in dicta that a claim ***might*** be viable "in the context of a hidden defect" or where the product "was worth objectively less than what one could reasonably expect." *Id.* at 707.

Plaintiff disclaims all three theories. First, and most fundamentally, Plaintiff does not contend that she was injured as a result of any misrepresentation. (Opp'n 4-8.) Nor could she: Plaintiff does not allege any misrepresentation, let alone reliance. (Mot. 16-17.) Second, Plaintiff "does not allege that the merchandise she purchased was defective or lacked some promised characteristic." (Opp'n 6-7.) Third, Plaintiff does not "seek to establish injury by comparing the objective value of the goods she received with the price she paid." (*Id.* at 7.)

Instead, "Plaintiff alleges that UNIQLO increased prices in response to IEEPA tariff costs, that Plaintiff purchased merchandise sold at those increased prices, and that she

consequently parted with money she otherwise would not have paid." (Opp'n 6.) In other words, Plaintiff paid more than she would have *if Defendants had charged less*. That tautological assertion is not a recognized injury-in-fact. Notably, Plaintiff does not cite a single case supporting such a theory, and courts regularly hold that a plaintiff's "bare assertion that they overpaid for the" products is insufficient to establish an injury-in-fact for standing. *Beyer v. Symantec Corp.*, No. 18-cv-02006-EMC, 2019 WL 935135, at *4 (N.D. Cal. Feb. 26, 2019); *see also McGee*, 982 F.3d at 707 (rejecting overpayment injury where "a key element of our overpayment cases—a defendant's misrepresentations about a product—is absent"); *Malko v. GNC Holdings, LLC*, No. 2:26-cv-01833-MCS-AJR, 2026 WL 2218133, at *5 (C.D. Cal. July 29, 2026) (dismissing where plaintiff failed to allege a "hidden defect" or products "worth objectively less than what [she] paid"); *Borowsky v. Hamilton Beach Brands, Inc.*, 788 F. Supp. 3d 1092, 1096 (N.D. Cal. 2025) (similar); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009) (similar).

Plaintiff's cases do not change the analysis. Unlike here, each involved a defendant's misrepresentations or omissions about the product itself. In *Mazza v. American Honda Motor Co*., plaintiffs alleged "Honda made deceptive claims" about its braking system. 666 F.3d 581, 595 (9th Cir. 2012). In *Maya v. Centex Corp.*, plaintiffs alleged the defendants targeted high-risk home buyers and made "misrepresent[ations]" to them about "the character of neighborhoods." 658 F.3d 1060, 1065 (9th Cir. 2011). And in *Hinojos v. Kohl's Corp*., the defendants allegedly posted fictitious "original" prices to create the illusion of a discount. 718 F.3d 1098, 1101, 1105 (9th Cir. 2013). Plaintiff pleads no such allegations here.

**B. Plaintiff's Claims Are Impermissibly Based on Hindsight**

The Motion explains that Plaintiff's claims should be dismissed because they are impermissibly based on hindsight—namely, the Supreme Court's decision invalidating the IEEPA tariffs *after* she made her alleged purchases. The Motion discusses two directly on-point cases rejecting analogous hindsight-based claims: *Bennett v. Wal-Mart Stores,*

*Inc.*, No. 06-CV-5304, 2011 WL 3878330, at *8 (E.D.N.Y. Sep. 2, 2011), and *EBCF Enters., Inc. v. Erie Ins. Exch.*, 572 F. Supp. 3d 489, 497 (N.D. Ill. 2021). (Mot. 12.) Plaintiff has no substantive response to either case.

Plaintiff posits Defendants' "hindsight authorities" are "relevant only" to her UCL claim but that is clearly wrong: *Bennett* and *EBCF* dismissed quasi-contract claims for unjust enrichment. Numerous other cases have likewise dismissed unjust enrichment claims based on hindsight. *See* Mot. 11; *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 323-24 (7th Cir. 2021) (affirming dismissal of hindsight-based statutory and unjust enrichment claims, reasoning that (i) defendant insurer could not have deceived plaintiff policyholders about a pandemic of which it "as yet had no knowledge" and (ii) there was no unfairness where premiums were priced based on risks as assessed at issuance); *Donnellan v. Travelers Co.*, No. 1:20 C 06064, 2022 WL 170046, at *7-10 (N.D. Ill. Jan. 18, 2022) (similar); *Kopsaftis v. Progressive Universal Ins. Co*., No. 20 CV 6261, 2021 WL 780715, at *1-2 (N.D. Ill. Mar. 1, 2021) (similar).

Plaintiff argues that *Bennett* is "out of circuit" and "applies Tennessee law." But Plaintiff does not show Tennessee law differs from California law in any material respect. It does not. Tennessee law, like California law, provides that unjust enrichment occurs only where a defendant accepts a benefit "under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." 2011 WL 3878330, at *7; *see also Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (under California law, unjust enrichment requires plaintiff to show "defendant received and unjustly retained a benefit at the plaintiff's expense"). The teaching of *Bennett* is that there can be no inequitable retention based on events occurring after a purchase transaction that were unknown to the parties at the time of the transaction.

Plaintiff contends that *EBCF* involved a situation where an insurance premium "appeared excessive only 'in retrospect'" because a pandemic occurred after the policy was issued. But that is the precise situation here: Plaintiff alleges the prices she paid are

excessive only in retrospect because the Supreme Court "later held" the tariffs were unlawful. (Opp'n 1; *see also id.* 14.)

Plaintiff also ignores the practical basis for this uniform body of case law: a contrary holding would throw the economy into disarray by exposing parties to every transaction, large or small, to potential price adjustment claims based on hindsight.

Plaintiff's other arguments all miss the mark.

***First***, Plaintiff argues the Supreme Court's decision invalidating the tariffs established the tariffs had always been unlawful. (Opp'n 10.) But the administration imposed the tariffs through executive orders, and "Executive Orders are . . . edicts that citizens must obey," *Brown v. Biomat USA, Inc.*, No. 20-cv-05437, 2021 WL 3187599, at *3 (N.D. Ill. July 28, 2021), "unless rescinded or overridden through lawful procedures," *N. Am.'s Bldg. Trades Unions v. Dep't of Def.*, 783 F. Supp. 3d 290, 310 (D.D.C. 2025). Accordingly, until the Supreme Court voided the executive orders, UNIQLO was required to pay the tariffs. *See* 19 U.S.C. § 1505(a) (requiring importer of record to deposit estimated duties at time of entry); 19 C.F.R. § 141.1(a)–(b)(1) (duties accrue upon merchandise's arrival and constitute a "personal debt" of the importer "discharged only by payment in full"); 19 C.F.R. § 141.4(a) (all imported merchandise must be entered unless specifically excepted). Plaintiff does not and cannot claim otherwise.

It is well-settled that parties may rely on existing legal authority without exposing themselves to liability. *See Danielson v. Inslee*, 945 F.3d 1096, 1097-1100 (9th Cir. 2019) (party could assert good-faith defense to retrospective monetary liability where it "acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law"). They need not "forecast" developments "at the Supreme Court and anticipatorily presume" that laws will be "overturn[ed]." *Id.* at 1099.

***Second***, Plaintiff cites *Ghirardo v. Antonioli*, 14 Cal. 4th 39 (1996), but that case does not sanction unjust enrichment claims based on hindsight. There, a seller discovered after a transaction closed that he made an arithmetical error *at the time of the transaction*

that caused him to make an artificially low payoff demand. *Id.* at 54. Both parties agreed that a mistake of fact occurred. *Id.* Here, in contrast, there was no mistake at the time of Plaintiff's purchase. UNIQLO priced its goods based on all of the information it had at the time, and Plaintiff made her purchasing decisions based on her tastes and her willingness to buy UNIQLO products at the listed price. Moreover, the language on which Plaintiff relies in *Ghirardo*—that unjust enrichment is based on an improper "retention"—is a standard formulation of unjust enrichment that is not unique to California law. Case after case applying that standard has held that after-the-fact claims are foreclosed. (Mot. 12); *see also Mashallah*, 20 F.4th at 325; *Donnellan*, 2022 WL 170046, at *9-10.

***Third***, Plaintiff admits that her fraud-based claim cannot be predicated on hindsight (Opp'n 11) but argues Defendants made material omissions contemporaneous with her purchases. Specifically, Plaintiff contends Defendants decided to "pursue refunds" before selling goods to her and failed to tell her. This argument fails because it is based on rank speculation rather than well-pleaded factual allegations. Plaintiff does not allege who among the two Defendants made such a decision, when, how they intended to execute on their plan, or whether Plaintiff made purchases after this hypothetical decision point. Although Plaintiff contends that the requirements of Rule 9(b) should be "relaxed," she cannot base her claim on sheer speculation under any pleading standard. *See Armenta v. Bank of Am.*, No. 11–9012–GW(SHx), 2012 WL 13012811, at *6 (C.D. Cal. Jan. 12, 2012) (Wu, J.) (dismissing claims based on allegations that were "too speculative and factually insufficient"); *Chang v. Rockridge Manor Condo.*, No. C-07-4005 EMC, 2008 WL 2683075, at *4 (N.D. Cal. July 3, 2008) (dismissing claims "based on sheer speculation"), *aff'd*, 344 F. App'x 365 (9th Cir. 2009). And while Plaintiff claims that all of the information is "uniquely within UNIQLO's possession," she does not even allege the dates of her own purchases. Even if Plaintiff pleaded that Defendants had decided to pursue refunds before she made her purchases (she does not), she still does not plead a fraud-based claim. (Mot. 13-14, 16-17; *infra* § II.C.3.)

### C. Plaintiff Fails to State a Claim Under the UCL

#### 1. Plaintiff's Consent to New York Law Bars Her UCL Claim

The New York choice of law provision in the Terms forecloses Plaintiff's California statutory claim under the UCL. (Mot. 13.) Plaintiff cites to her opposition to Defendants' motion to transfer to argue that no agreement exists or that the agreement does not encompass her claims. Both arguments are refuted in Defendants' transfer motion and concurrently-filed reply:

First, Plaintiff was presented with and agreed to the Terms when she created her Uniqlo.com account. (ECF 13 at 7; ECF 29 at 2-5.)

Second, the Terms apply to Plaintiff's claims because they disclaim liability based on "price descriptions." (ECF 13 at 8.) Plaintiff's claims are expressly based on Defendants' alleged pricing and allegations that Defendants "deceived" Plaintiff by "[o]mitting material facts" about their pricing practices. (Compl. ¶¶ 57-58.) Plaintiff's allegations thus plainly arise under the contract. *See Harbor Pipe & Steel, Inc. v. Mazak Optonics Corp.*, No. 5:22-cv-01775-SSS-SPx, 2023 WL 12173431, at *2 (C.D. Cal. Mar. 29, 2023).

#### 2. Plaintiff Fails to Plead Her UCL Claim With Particularity

As the Motion explains, Plaintiff fails to plead her UCL claim with the requisite particularity under Rule 9(b). (Mot. 13-14.) Plaintiff does not address Defendants' argument that she improperly lumps Defendants together rather than pleading facts separately as to each, thus conceding that fatal defect. *See Carbajal v. HSBC Bank USA, N.A.*, No. CV16-9297 PSG (FFM), 2017 WL 7806586, at *6 (C.D. Cal. May 16, 2017) (argument conceded where plaintiff failed to address it in opposition); (Mot. 14; Opp'n 14).

Plaintiff argues the Rule 9(b) particularity requirement "only applies to the fraudulent prong of the [UCL] claim." (Opp'n 14.) That is wrong. When a plaintiff alleges "a unified fraudulent course of conduct," the "entire complaint must . . . be pleaded with

particularity." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Here, Plaintiff alleges that Defendants engaged in a "tariff pass-through scheme" by increasing the prices of goods "without disclosing" their pursuit of IEEPA tariff refunds. (Compl. ¶¶ 8, 44.) Because Plaintiff bases her UCL claim on this alleged course of conduct, Rule 9(b) applies to all three prongs. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1098 (N.D. Cal. 2017) (applying 9(b) to all three UCL prongs where "the gravamen of Plaintiff's complaint" related to false health claims on the defendant's product packaging). Plaintiff thus concedes her failure to adequately plead the unlawful and unfair prongs of her claim. *See Carbajal*, 2017 WL 7806586, at *6.

Plaintiff contends omissions-based claims need not be pleaded with the same specificity as a "normal fraud claim." (Opp'n 14.) But "a plaintiff alleging fraudulent omission or concealment must still plead the claim with particularity." *McIntyre v. Am. Honda Motor Co.*, 739 F. Supp. 3d 776, 798-99 (C.D. Cal. 2024). Plaintiff cites no authority permitting fraud claims based on purchases of unspecified products at unspecified times for unspecified prices at unspecified markups. (Mot. 13-14; Opp'n 14.)

And Plaintiff's own case confirms that to plead a claim based on omissions, a plaintiff must plead that, had the defendant disclosed the allegedly omitted information, the plaintiff "would have been aware of it and acted differently." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1114-15 (N.D. Cal. 2015) (cited Opp'n 14); *see also Gafita v. Nucs AI, Inc.*, No. 25-cv-10757-CRB, 2026 WL 2244059, at *3 (N.D. Cal. Aug. 4, 2026) (dismissing fraudulent omission claim where plaintiff failed to "identify the representations that plaintiff relied on . . . and that failed to include the allegedly omitted information"). Specifically, a plaintiff must "describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *McIntyre*, 739 F. Supp. 3d at 799.

Here, Plaintiff does not allege any materials on which she relied when making her purchases. Plaintiff does not allege she tracked or kept abreast of either Defendant's policies or intentions with respect to IEEPA tariffs or refunds. And she does not allege that such policies or intentions impacted her shopping decisions. Thus, even under Plaintiff's watered-down omissions-based pleading standard, she fails to adequately plead her claim.

### 3. Plaintiff Does Not Plead a Claim Under Any Prong of the UCL

***No "Unlawful" Claim.*** Plaintiff's UCL claim fails under the "unlawful" prong because she cannot predicate her claim on common law violations and concedes she does not plead any other underlying violation of law. (*See* Mot. 14-15 (citing *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010)).) Plaintiff argues that common law claims *can* support an "unlawful" UCL claim, citing *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107, 1112-13 (9th Cir. 2007). (Opp'n 14.) But "that case pre-dated *Shroyer*" and is no longer good law. *Gill v. Marsh USA, Inc.*, No. 24-cv-02366-RS, 2024 WL 3463351, at *6 (N.D. Cal. July 18, 2024); *see also Foundry IV Inc. v. Hard Carry Gaming Inc.*, No. CV 23-2690-KK-MARx, 2024 WL 211010, at *7 (C.D. Cal. Jan. 3, 2024) (collecting cases and holding that "unlawful" UCL claims cannot be "predicated solely upon common law violations")

***No "Unfair" Claim.*** Plaintiff's UCL claim fails under the "unfair" prong under any applicable test. (Mot. 15-16.) Plaintiff does not argue that she meets the "tethering" test. (Opp'n 13.) Rather, Plaintiff asserts she adequately pleads a claim under (i) the "balancing" test or (ii) the "consumer-injury" test.[2] (*Id.*; Mot. 15-16.) Not so.

---

[2] Plaintiff applies an older version of the consumer test known as the "immoral-or-oppressive" test. (Opp'n 12-13.) Although it was cited in *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020), most California courts now use the "section 5" test discussed in Defendants' Motion. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254-55 (2009) (discussing shift); *Nationwide Biweekly Admin., Inc. v.*

Under both the balancing and consumer-injury tests, a claim must be dismissed where a plaintiff receives the benefit of her bargain—i.e., the products she purchased at the price she agreed to pay. (Mot. 15-16 (collecting cases).) Plaintiff responds that the "benefit of the bargain" argument does not apply "when a consumer purchases merchandise on the basis of false price information," citing *Hinojos*. (Opp'n 13.) But *Hinojos* did not apply the balancing or consumer-injury tests; it addressed whether the plaintiff had suffered an injury-in-fact. 718 F.3d at 1107. Regardless, in *Hinojos*, the retailer allegedly engaged in affirmative "false[]" marketing, *id.*, which is nowhere alleged here. To the contrary, Plaintiff affirmatively pleads that UNIQLO truthfully disclosed "that it would raise prices to mitigate the blow" of tariffs. (Compl. ¶ 26.) *See Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 969 (N.D. Cal. 2015) (distinguishing *Hinojos* where plaintiffs "d[id] not assert any demonstrably false misrepresentations of value, but rather ma[de] conclusory allegations that their cars are worth less because of the risk of future injury"), *aff'd*, 717 F. App'x 720 (9th Cir. 2017).

Plaintiff states that "UNIQLO could have disclosed the contingent nature of the tariff increment, escrowed the relevant amounts, or committed to issue credits if they recovered the tariff costs." (Opp'n 13.) Yet Plaintiff cites no law or duty requiring such disclosures or actions, nor any cases imposing liability for the failure to so disclose or act. Nor does Plaintiff explain how consumers could have been misled by Defendants when UNIQLO publicly stated that it would increase prices due to the tariffs. (Compl. ¶ 26.)

Plaintiff's claims under the "unfair" prong also fail because they are predicated on the same allegations as her claims under the "fraudulent" and "unlawful" prongs. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017) ("[W]here

---

*Super. Ct.*, 9 Cal. 5th 279, 303 n.10 (2020) (acknowledging section 5 test); *Papazian v. BMW of N. Am., LLC*, No. CV 25-8397-GW-RAOx, 2026 WL 529647, at *8 (C.D. Cal. Feb. 20, 2026) (Wu, J.) (applying section 5 test). In any event, Plaintiff's claim fails under either standard.

the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive.").

***No "Fraudulent" Claim.*** Plaintiff's UCL claim fails under the "fraudulent" prong because she does not allege anything remotely misleading about any of Defendants' business practices. Plaintiff contends that Defendants' "pricing . . . practices" were likely to mislead consumers "regarding the nature and disposition of the tariff-related price increment." (Opp'n 15.) But Plaintiff does not allege any statement by either Defendant regarding the "price increment" attributable to tariffs for any product she purchased—or any other product, for that matter. Nor does Plaintiff allege any statement by either Defendant regarding the "disposition" of this unspecified "tariff-related price increment." (*Id.*) And because Plaintiff pleads no misrepresentation, she cannot plead reliance.

Plaintiff's omission-based claim fares no better because, as explained in the Motion, she does not plead any duty to disclose the allegedly omitted information. (Mot. 16); *see also West v. Rheem Mfg. Co.*, 765 F. Supp. 3d 976, 991-92 (C.D. Cal. 2025). Plaintiff does not address and thus concedes this fatal defect. (Opp'n 14-16.) As to alleged tariff-based markups, Defendants were not required to disclose the components of the price of their goods. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 862 (9th Cir. 2018) (no duty to disclose sources of labor in supply chain); *Quezada v. Franklin Madison Grp.*, No. 19cv2153-LAB (DEB), 2020 WL 5819824, at *5 (S.D. Cal. Sep. 29, 2020) ("As long as the actual price is disclosed and plaintiffs agreed to pay it, failure to disclose the basis or nature of markups is not actionable under California's UCL."). As one court aptly explained, "[w]hat a seller chooses to do with [a] markup included in the prices buyers pay is of no legitimate concern to the buyers." *Quezada*, 2020 WL 5819824, at *5. As to tariff refunds, the legal status of IEEPA tariffs was publicly known, and Plaintiff fails to identify any duty Defendants had

to disclose their litigation strategy for potentially seeking refunds of the tariffs they paid to the government. *West*, 765 F. Supp. 3d at 991-92.

Separately, Plaintiff fails to plead she would have discovered and relied on the allegedly omitted information and "behaved differently" had it been disclosed. *See Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1083 (N.D. Cal. 2017), *aff'd*, 731 F.App'x 719 (9th Cir. 2018). Plaintiff cannot make the required showing for two reasons.

***First***, Plaintiff does not allege she would have been aware of the omitted information had it been disclosed. In *Sud*, plaintiffs alleged Costco failed to disclose labor abuses in its supply chain both on its product packaging and in its code of conduct. 229 F. Supp. 3d at 1083. The court held that while it could infer plaintiffs would rely on product packaging, they failed to plead reliance for the code of conduct because they did not allege that they read or were even aware of the code. *Id.* Similarly, here Plaintiff pleads no facts that she reviewed or was aware of Defendants' (unspecified) public statements on pricing or tariffs when deciding whether to purchase UNIQLO merchandise. At most, she alleges that other consumers monitored price changes to certain pairs of pants. (Compl. ¶¶ 27-28.)

***Second***, Plaintiff fails to allege she would have acted differently if she knew the tariff component of the price she was paying. While "reasonable consumers consider price to be an important factor," Plaintiff "does not explain why the particulars of how that price is arrived at would be material." *Quezada*, 2020 WL 5819824, at *5.

Plaintiff argues that "[a] reasonable consumer would want to know whether they were paying a tariff-based markup on a product that the seller was also recouping from another source." (Opp'n 16.) But this recoupment theory is based on UNIQLO's complaint filed with the CIT and the Supreme Court's decision in *Learning Resources*, both of which were at all times public. *See Sanchez v. IXYS Corp.*, No. 17-cv-06441-WHO, 2018 WL 4787070, at *3 (N.D. Cal. Oct. 2, 2018) (public information "cannot be a material omission"). Plaintiff argues UNIQLO failed to disclose that it *planned* to file the CIT litigation before it actually filed that case. Yet Plaintiff alleges no facts to suggest a

consumer would be happy paying a particular price for a pair of pants if the seller was *not* planning to seek a tariff refund, but would suddenly refuse to buy those same pants at the same price if the seller was considering filing a refund action. Accepting Plaintiff's premise, businesses would have to disclose vast amounts of proprietary pricing information to fend off suits by customers who suffer no injury but claim in hindsight they wish they knew more at the time of purchase. Beyond that, businesses would have to predict the future, disclose their predictions, and face suits—or, on the flip side, benefit from claims against customers—if those predictions turn out to be incorrect. Plaintiff's theory is simply not plausible, and Plaintiff cites no authority to support it.

### D. Plaintiff Fails to State a Quasi-Contract Claim

#### 1. The Voluntary Payment Doctrine Bars Plaintiff's Claims

As explained in the Motion, the voluntary payment doctrine forecloses Plaintiff's quasi-contract claims because it precludes recovery for payments voluntarily made with knowledge of the facts. (Mot. 17.)

Plaintiff admits that the voluntary payment doctrine is available where it is "based on undisputed facts" or it "appears on the face of the complaint." (Opp'n 16.) That is the case here. Plaintiff pleads that she voluntarily purchased UNIQLO merchandise at the accurately advertised price and received exactly what she paid for. She alleges no fact in existence at the time of her purchase of which she did not have knowledge. Neither party had knowledge that the Supreme Court would void the IEEPA tariffs, nor does Plaintiff allege—beyond rank speculation—that either Defendant "intended to recoup" tariff costs at the time of her purchase.

Plaintiff contends she pleads an "excessive payment" that overcomes Defendants' voluntary payment defense, citing *American Oil Service v. Hope Oil Co.*, 194 Cal. App. 2d 581 (1961), and *Potter v. Chevron Products Co.*, No. 17-cv-06689-PJH, 2018 WL 4053448 (N.D. Cal. Aug. 24, 2018), but neither case helps her. In *American Oil*, the plaintiff mistakenly overpaid defendant for its half interest in oil well equipment. 194 Cal.

App. 2d at 583-84. In *Potter*, the defendant "described and charged for services that were never rendered," but "plaintiffs mistakenly believed . . . those services *were* rendered." 2018 WL 4053448, at *6. Both cases were predicated on the plaintiffs mistakenly paying more than what they agreed to pay for specific goods or services. *See Am. Oil*, 194 Cal. App. 2d at 587 ("A debtor who pays a bill twice, forgetting that it has been once paid . . . is clearly entitled to recover the overpayment as having been made involuntarily."). Here, in contrast, Plaintiff alleges she paid the list price for merchandise and received exactly what she purchased. Moreover, as explained above, Plaintiff alleges that UNIQLO publicly disclosed that it planned to raise retail prices due to the tariffs, and the world learned at the same time when the Supreme Court found the tariffs invalid.

Finally, Plaintiff asserts the voluntary payment doctrine does not apply to an unjust enrichment claim but she provides no supporting authority and ignores the case cited in the Motion contradicting her argument. (Mot. 17.) *See also Am. Gen. Life Ins. Co. v. Le*, No. EDCV 22-0876 JGB (KKX), 2024 WL 1202238, at *5 (C.D. Cal. Mar. 6, 2024) (voluntary payment doctrine bars unjust enrichment claim absent "mistake of fact" or "duress, coercion or compulsion").

### 2. Plaintiff Fails to State a Claim for Unjust Enrichment

By Plaintiff's own admission she cannot state a claim for unjust enrichment.

***First***, Plaintiff concedes she received the benefit of her bargain (Opp'n 17-18), and for that reason alone her unjust enrichment claim must be dismissed (Mot. 18 (citing cases)). Plaintiff cites no case permitting an unjust enrichment claim where a plaintiff received the benefit of her bargain nor does she address any of Defendants' authority.

***Second***, Plaintiff does not allege any "enrichment." Plaintiff argues that Defendants were enriched in the form of an unspecified portion of her purchase payment attributable to IEEPA tariffs. But her unjust enrichment claim is based on "Defendants'" receipt of tariff refunds from the federal government that completed a supposed "double recovery." (*Supra* § II.B.) Because she has not alleged that either Defendant received any refund, she does not

plead unjust enrichment. Nor is there anything "unjust" about a business raising prices in response to tariffs imposed by the federal government.

***Third***, Plaintiff's unjust enrichment is barred by the Terms for the reasons set forth above. (*Supra* § II.C.1.)

***Fourth***, Plaintiff's unjust enrichment claim fails because there is no such standalone claim under California law. Plaintiff contends that the Court can "construe the cause of action as a quasi-contract claim seeking restitution." (Opp'n 18.) As authority cited in the Motion explains, however, a plaintiff may seek restitution only "in conjunction with a cognizable cause of action that permits a court to grant such relief." *Sotelo v. Rawlings Sporting Goods Co., Inc.*, No. CV 18-9166-GW(MAAx), 2019 WL 4392528, at *8 (C.D. Cal. May 8, 2019) (Wu, J.) (quoting *Sacramento E.D.M., Inc. v. Hynes Aviation Indus.*, No. 2:13–cv–0288–KJN, 2017 WL 1383289, at *20 (E.D. Cal. Apr. 18, 2017); *citing Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). Because Plaintiff does not plead an underlying consumer protection claim, her unjust enrichment claim must also be dismissed. *In re Apple Processor Litig.*, No. 18-cv-00147-EJD, 2022 WL 2064975, at *12 (N.D. Cal. June 8, 2022) ("Because Plaintiffs have failed to sufficiently plead actionable fraud, their unjust enrichment claim relying on the same alleged fraudulent conduct must also be dismissed."), *aff'd*, No. 22-16164, 2023 WL 5950622 (9th Cir. Sep. 13, 2023).

### 3. Plaintiff Fails to State a Claim for Money Had and Received

Plaintiff also functionally abandons her money had and received claim.

***First***, Plaintiff concedes that she received the benefit of her bargain, which defeats her money had and received claim because she cannot claim either Defendant is keeping money that belongs to her. *Haas v. Travelex Insurance Services, Inc.*, 555 F. Supp. 3d 970 (C.D. Cal. 2021) (cited at Opp'n 19), is not to the contrary. There, the plaintiff allegedly paid insurance premiums for which the risk never attached and thus the plaintiff received nothing of value. *Id.* at 981-82. Not so here.

***Second***, Plaintiff also concedes that her money had and received claim must be dismissed if her UCL and unjust enrichment claims are dismissed. (Opp'n 20.) Because Plaintiff's UCL and unjust enrichment claims fail for the reasons above, her money had and received claim fails, too.

***Third***, Plaintiff insists her claim is to recover a portion of the prices she paid to Defendants. (Opp'n 19.) But the entire premise of her claim is that she paid too much because of "money" she alleges UNIQLO Co., Ltd. will "receive" from the government in the form of tariff refunds. That money never belonged to Plaintiff.

***Fourth***, Plaintiff argues that she need not plead a precise dollar amount to which she is entitled if the amount owed is "*capable* of being reduced to a sum certain." (Opp'n at 20.) But Plaintiff does not plead that predicate. She does not even plead information that could conceivably permit an assessment of that figure, such as what items she purchased or when. (*See id.*; Mot. 4-12.) At most, Plaintiff alleges that at one point, the price of certain pants increased by $10—pants she does not allege she purchased. (Compl. ¶¶ 27-28.) Accordingly, Plaintiff fails to plead a sum certain capable of identification.

***Fifth***, as with her unjust enrichment claim, Plaintiff's claim for money had and received is foreclosed by the Terms. (Mot. 20.) While Plaintiff argues that the Terms do not specifically address tariffs (Opp'n 20), they govern all disputes over her purchases on Uniqlo.com—including this case. (ECF 13; Exs. 2, 3.)

### E. Plaintiff Names the Wrong Entities

Plaintiff's claims should be dismissed because she names the wrong entities. As Defendants' declaration established, neither Defendant is the importer of record for those goods. (Ohkawa Decl. ¶ 2.) The government will issue tariff refunds—the funds that Plaintiff seeks to recoup—only to importers of record that paid the tariffs.

Plaintiff argues that identifying the correct defendant is a factual issue governed by the summary judgment standard and that "resolution of material factual disputes" must be left "to the trier of fact." (Opp'n 9.) But there is no material dispute that nonparty UNIQLO

Co., Ltd. is the importer of record entitled to receive the relevant tariff refunds. Plaintiff does not and cannot proffer any contrary evidence. *See Kisting-Leung v. Cigna Corp.*, 780 F. Supp. 3d 985, 999 (E.D. Cal. 2025) (no "genuine dispute" where plaintiffs "provide no countervailing evidence" to defendant's declaration). Plaintiff notes that UNIQLO's CIT complaint alleges that multiple plaintiffs, including UNIQLO USA LLC, paid tariffs. As Defendants' declaration explains, however, UNIQLO USA is the importer of record only for non-retail items. (Ohkawa Decl. ¶ 3.)

**F. Plaintiff's Claims Are Not Ripe**

As explained in the Motion, Plaintiff does not plead facts to show that her claims are ripe. Ripeness is assessed based on the "allegations in the current complaint." *Starr Indem. & Liab. Co. v. Chart Indus., Inc.*, No. 22-cv-03484-HSG, 2023 WL 2352247, at *3 (N.D. Cal. Mar. 3, 2023). Here, Plaintiff asserts claims based on an alleged "double recovery," i.e., that Defendants up-charged consumers because of IEEPA tariffs and will keep any tariff refund they receive from the government. But Plaintiff does not allege either Defendant received any tariff refund from the government.

To avoid this result, Plaintiff now argues that her claims are not premised on "any future recovery by UNIQLO." But that is not what she pleaded as to each and every claim:

- UCL claim, unlawful prong: "Defendant's conduct violates established legal policies prohibiting ***unjust and duplicative recovery***" (Compl. ¶ 53);
- UCL claim, unfairness prong: "Defendant's practices offend established public policy . . . because they shift tariff-related costs to consumers while positioning Defendant to ***retain both the consumer-funded recoupment and the separate litigation recovery***" (*id.* ¶ 56);
- UCL claim, fraudulent prong: Plaintiff was "misled into paying increased prices under the belief that such increases were necessary and would not result in an ***unreversed windfall*** to Defendant" (*id.* ¶ 58);

- Unjust enrichment claim: "Equity and good conscience require that Defendant not be permitted to retain the benefit it obtained from [consumers] ***to the extent that Defendant has been, or will be, made whole for the same tariff-related costs through its litigation recovery***" (*id.* ¶ 68);
- Money had and received: "This Count specifically concerns Defendant's ***receipt and expected retention of government refund proceeds***" (*id.* ¶ 73).

Plaintiff cannot change her allegations through her opposition brief. *See Barnett v. Cnty. of L.A.*, No. 2:20-cv-02530-ODW (ASx), 2020 WL 5350286, at *6 (C.D. Cal. Sep. 3, 2020) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."); *see also Crafty Prods., Inc. v. Michaels Cos.*, 389 F. Supp. 3d 876, 886 n.8 (S.D. Cal. 2019) ("The Court relies on what Plaintiffs plead in the Complaint, not their explanation in the opposition."); *Tabrizi v. AstraZeneca Pharms. LP*, No. 2:26-cv-03244-MCS-PD, 2026 WL 2508148, at *7 (C.D. Cal. Aug. 25, 2026) (declining to credit legal theory raised for first time in opposition).

Nor can Plaintiff rely on internally inconsistent theories. *See, e.g.*, *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 996 (N.D. Cal. 2012) (dismissing claim where plaintiff's "inconsistent articulation" of his legal theories "underscore[d] the extent to which he has failed to adequately put [d]efendant on notice"). The Opposition explains, on page after page, that Plaintiff's claims are based on Defendants' alleged improper "recoup[ment]" or "retention" of tariff refunds the government "reimburs[ed]." (Opp'n 1, 2, 4, 9, 10, 13-19.) This is the precise "double recovery" framing Plaintiff is simultaneously purporting to disclaim.

## III. CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, the Court should dismiss this action with prejudice.

DATED: September 21, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Peter B. Morrison*

PETER B. MORRISON

*Attorneys for Defendants UNIQLO USA, LLC and Fast Retailing USA, Inc.*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants UNIQLO USA LLC and Fast Retailing USA, Inc., certifies that this brief contains 6,487 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 21, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Peter B. Morrison*
PETER B. MORRISON
*Attorneys for Defendants UNIQLO USA, LLC and Fast Retailing USA, Inc.*